William B. Groat, J.
The plaintiff, the insured named in automobile liability policy number 3359401 issued by the defendant on June 21, 1957, seeks a judgment declaring (1) the rights and legal relations of the parties thereunder; (2) that the defendant has a duty to defend the plaintiff in the action for property damages and personal injuries allegedly sustained by Leon Aronoff and for personal injuries allegedly sustained by Salvatore Arcuni on August 26, 1957, by reason of a collision between the plaintiff’s automobile and the automobile owned by *672 Aronoff in which he, Aronoff, and Arcnni were riding, which collision was caused by the plaintiff’s negligent operation of his automobile covered by said insurance policy; (3) that the defendant has a duty to pay on behalf of the plaintiff all damages which the plaintiff shall be legally obligated to pay because of such property damage and personal injuries; (4) for the cost and disbursements of this action and (5) for such other and further relief as the court may deem just and proper.
It is undisputed by the parties that the defendant had issued said insurance policy and that the said policy was in force and effect on August 26, 1957, when the said collision occurred and when the alleged property damage and personal injuries were alleged to have occurred.
Condition number 2 of the conditions of said policy applying to all coverages therein states: “ 2. Notice: In the event of accident, occurrence or loss, written notice containing all particulars shall be given by or for the insured to Allstate as soon as practicable, and in case of theft the insured shall also promptly notify the police. If claim is made or suit is brought against the insured, he shall immediately forward to Allstate every demand, notice or summons received by him or his representative. ’ ’
Paragraph number 2 of the insuring agreements contained in said policy states: “ 2. To defend any suit, even if groundless, false or fraudulent, against the insured for such damages, but Allstate may make such settlement of any claim or suit as it deems expedient.”
It is undisputed that a collision occurred on August 26, 1957, between the plaintiff’s automobile and that of another automobile. It is further undisputed that the plaintiff did not notify the defendant of the collision until August 22,1960, almost three years after the collision, and that the first notice that the defendant had of the collision and of the alleged attendant property damages and personal injuries of Aronoff and Arcuni was when the plaintiff delivered to the defendant the summons and complaint served upon him by Aronoff and Arcuni wherein they seek redress for such damages and injuries. The said summons and complaint, issued from the Municipal Court of the City of New York, First District, Borough of Manhattan, was served on the plaintiff on August 19,1960, wherein Aronoff seeks property damages in the sum of $72.35 and redress for personal injuries in the sum of $1,000, and Arcuni seeks redress for personal injuries in the sum of $1,500.
The defendant, by notice sent to the plaintiff and the attorneys for Aronoff and Arcuni, disclaimed liability under the said *673 policy on the grounds that plaintiff had not complied with said condition number 2 and consequently it was unable to investigate the accident, inspect AronofPs automobile or conduct physical examinations of the injured parties.
The plaintiff admits that on August 26, 1957, his automobile came in contact with the rear bumper of another automobile, but that no one complained of personal injuries or property damage “ nor was any apparent to him.” The plaintiff states ” that this accident or mishap involved at most bumping of bumpers. ’ ’
The plaintiff contends that the first knowledge that he had of any claims for said property damage or personal injuries was when he was served with the said summons and complaint. There is no evidence or admission that any prior claim or notice of said damages or injuries was ever made on or brought to the attention of the plaintiff.
The above facts have been stipulated by the parties and submitted to the court for a determination of the ultimate fact, to wit, whether or not the plaintiff breached the provisions of the insurance policy between the parties.
The failure of the insured to have satisfied the requirements of condition number 2 of the policy of insurance, without excuse therefor, would vitiate the contract of insurance. (Bazar v. Great Amer. Ind. Co., 306 N. Y. 481; Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271.) The phrase “ as soon as practicable ” however, requires that written notice be given within a reasonable time under all of the circumstances. (Vanderbilt v. Indemnity Ins. Co. of North Amer., 265 App. Div. 495.) It is well settled that the reasonableness of a delay in giving such notice, where mitigating circumstances as a lack of knowledge of the occurrence or the seriousness of it are offered as an excuse, is a question to be determined by the trier of facts. (Deso v. London & Lancashire Ind. Co. of Amer., 3 N Y 2d 127.)
From the facts here presented, to wit, that the plaintiff experienced “ at most a bumping of bumpers ” on August 26, 1957, and that “ no one complained of either the personal injury or property damage at the time nor was any apparent to him ”, it is the finding of this court that the collision, at most, was a trivial mishap or occurrence which did not require that written notice thereof be sent to the defendant at that time. (Colontino v. United States Fid,. & Guar. Co., 9 A D 2d 926, affd. 8 NY 2d 974; Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51; Chinn v. Butchers’ Mut. Cas. Co. of N. Y., 190 Misc. 117.)
It further appears from the facts that the first knowledge that the plaintiff had of any claim for property damages or *674 personal injuries was when he was served with the summons and complaint therefor by Aronoff and Arcuni on August 19, 1960, just six days prior to the expiration of the Statute of Limitations barring their claims. This fact fortifies plaintiff’s contention that he had no prior knowledge of such claims about which to notify the defendant.
That the stipulated facts do not specifically mention the claims of Aronoff and Arcuni nor recognize them as injured or damaged parties is not germane as paragraph 2 of the insuring agreements contained in the policy affords protection to the plaintiff even if the suit is groundless, false or fraudulent.
Under all of the circumstances, the court finds that the delay by the plaintiff in giving notice of the accident, occurrence or loss, was not unreasonable and that the plaintiff properly and timely forwarded the said summons and complaint to the defendant.
Judgment as prayed for in the complaint is accordingly granted in favor of the plaintiff, with costs.