In the Matter of the Arbitration between DOROTHY LLOYD, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, May 11, 1967.

*James F. Carroll* of counsel (*Carroll & Spencer*, attorneys), for appellant.

*Stephen J. Masse* of counsel (*Austin & DuPont*, attorneys), for respondent.

*Per Curiam.* The sole issue involved on this appeal is whether claimant's notice of claim against MVAIC was timely filed. In the hearing held at Trial Term the determination was made that the claimant's status is that of an insured person. No appeal has been taken from that determination. As an insured

person the obligation of the claimant, under Condition 3 of the Standard New York Automobile Accident Indemnification endorsement, was to give written notice of claim "within 90 days or as soon as is practicable." The term, as soon as practical, requires that notice be given within a reasonable time under all of the circumstances. (*Deso* v. *London & Lancashire Ind. Co.*, 3 N Y 2d 127.)

The facts of the case before us indicate that the accident occurred on or about July 3, 1964. Plaintiff was allegedly a passenger in a motor vehicle owned and operated by one Omaha Black when the vehicle struck a wall. The notice of claim as against MVAIC was not filed until December 2, 1964, a period of some 152 days from the date of the alleged accident.

In these cases we are usually confronted with two areas of inquiry; (1) whether diligence was utilized in ascertaining the insurance status of the tort-feasor, and (2) whether notice was given within a reasonable time after the discovery of lack of insurance. However, here the facts clearly show that the fact of noninsurance on the part of the alleged tort-feasor, Omaha Black, was communicated to the claimant before the end of August, 1964. Despite the claimant's knowledge of the lack of insurance the notice of claim was still not filed until more than three months had elapsed from the time the knowledge was so acquired.

The burden of proving that a delay in giving notice by the insured was reasonable is upon the insured. (*Rushing* v. *Commercial Cas. Ins. Co.*, 251 N. Y. 302.) Claimant has not carried her burden. She has not proven that there were any facts which would make the delay excusable in the circumstances of this case. While claimant was, for a period, in a hospital, the trial court found that the delay could not be attributed to any physical disability and, with this conclusion, we agree. However, claimant offers two other reasons to excuse her delay. She asserts that there was some misunderstanding between her and the attorney she engaged to represent her in this matter, as the result of which the attorney apparently did not realize that he was retained and, hence, did not file the required notice of claim. However, this excuse does not justify the 152-day delay from the date of the accident to the attempted filing of the notice of claim. The second reason offered by the claimant as excusing her from delay in filing is that MVAIC was not prejudiced by the delay, since a timely notice of claim was filed by another party, who had been injured in the same accident. Claimant does not show that she is in privity to this other party and cannot take advantage of that notice. Her assertion

of lack of prejudice to MVAIC, is of no moment. Filing of a notice of claim is a condition precedent to the liability on the part of the insurer, and the insurer need not show that it was prejudiced. (31 N. Y. Jur. Insurance, § 1262; *American Sur. Co. v. Mariani,* 130 N. Y. S. 2d 755, affd. 286 App. Div. 1083.)

In any event, there is nothing to indicate that the notice of claim made by the other party in and of itself made MVAIC aware that this claimant too was injured. Indeed, the notice did not even list this claimant as a witness, or as having been involved. Consequently, the timely opportunity for MVAIC to secure an early physical examination of claimant, which is one of the items contemplated by the requirement that notice be filed as soon as practical, was not satisfied by the filing of the third party.

Accordingly, the judgment appealed from, entered June 28, 1966, should be reversed on the law and the facts, without costs to either party, and the respondent-appellant's application for judgment staying the arbitration should be granted.

CAPOZZOLI and MCNALLY, JJ. (dissenting). We dissent, and vote to affirm for the reasons stated in the decision of ARTHUR MARKEWICH, J., at Trial Term.

EAGER, J. P., STEUER and RABIN, JJ., concur; CAPOZZOLI and MCNALLY, JJ., dissent in memorandum.

Judgment, so far as appealed from, reversed, on the law and the facts, without costs or disbursements to either party, and respondent-appellant's application for judgment staying the arbitration granted.