■ NIAGARA WINDOW CLEANING CORP., Appellant, v. HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent.— Order unanimously reversed, with costs and motion denied. Memorandum: Defendant by motion has secured a dismissal of the complaint for damages resulting from defendant insurer's alleged

improper refusal to defend a personal injury action successfully prosecuted against plaintiff. In dismissing, Special Term concluded that plaintiff breached the policy provisions which required written notice of an accident as soon as practicable, immediate forwarding to the insurer of legal process received by the insured, and co-operation with the insurer. On May 20, 1966 an accident occurred in which Herbert Knox was injured by a falling ladder allegedly through the negligence of an employee of plaintiff. Affidavits by plaintiff's employees at the site denied that they had seen the occurrence, received a complaint of injury, or made a report of the incident to their employer. Although a process server's affidavit stated that a summons in an action by Knox against plaintiff was served on plaintiff's president on August 17, 1966, the latter's affidavit categorically denied service on him at any time. Alan Raynor, bookkeeper of plaintiff, stated in an affidavit dated May, 1968 that his first knowledge of the attempted service of process came from a telephone call received by him in the spring of 1967 from the office of an attorney representing Knox in his personal injury action inquiring about the alleged service at an earlier time. Raynor believed that in the telephone conversation it was stated that service had occurred in August, 1966 and recalled distinctly that the caller stated the attorney's records showed service on another person who was a secretary-stenographer and not an officer of plaintiff corporation. Raynor's affidavit stated that he did not know whether or not the paper was in fact received by the stenographer. Notice of the accident was first given to the insurer by plaintiff on July 27, 1967 by a letter from Raynor in which he stated that plaintiff had no knowledge of the incident giving rise to the Knox claim, but indicating that a summons had been delivered to the company's office in August, 1966. (In view of Raynor's affidavit of May, 1968, the statement concerning delivery of a summons may well have been predicated on the information conveyed to him in the phone call in the spring of 1967, rather than on personal knowledge.) Included in the record in support of defendant's motion is a letter dated July 23, 1967 from Knox's attorney to the insurance agent referring to "repeated correspondence" directed to plaintiff but unanswered. In May, 1968 the purported service of process on plaintiff in the Knox action was vacated. When the subsequent action by Knox was commenced by valid service it is undisputed that process was promptly forwarded to the insurer, which however refused to defend the action. Upon this record it was error to dismiss the action before trial on the ground that plaintiff failed to give notice of the accident "as soon as practicable". These words are "roomy words * * * subject * * * to the impact of particular facts on particular cases" and "requiring the notice within a reasonable time under all the circumstances" (Young v. Travelers Ins. Co., 119 F. 2d 877, 880). "It is also well settled that the reasonableness of a delay, where mitigating circumstances such as absence from the State or lack of knowledge of the occurrence or its seriousness are offered as an excuse, is usually for the jury (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302, 304; Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51; see, also, Gluck v. London & Lancashire Ind. Co. of Amer., 2 A D 2d 751, affd. without opinion 2 N Y 2d 953)." (Deso v. London & Lancashire Ind. Co. of Amer., 3 N Y 2d 127, 129–130.) In the present case a jury must determine whether the delay in giving notice was reasonable predicated upon a finding as to when plaintiff received knowledge of the accident. There was also a factual issue whether plaintiff ever "received" a summons in August, 1966, giving rise to a contractual obligation to forward it promptly to the insurer. On a motion to vacate that purported service it was in fact held that no service on plaintiff was accomplished. Finally, nothing in the record

supports a finding of lack of co-operation by the insured. (Appeal from order of Erie Special Term dismissing complaint in action on insurance policy.) Present — Goldman, P. J., Del Vecchio, Moule and Cardamone, JJ.