GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant, *v.* I. KALFUS Co., INC., et al., Respondents.

First Department, October 29, 1974.

*William F. McNulty* of counsel (*Anthony J. McNulty* with him on the brief; *Harold M. Foster,* attorney), for appellant.

*Sherwin Grossfield* for I. Kalfus Co., Inc., respondent.

*Michael I. Gandin* of counsel (*Gandin & Rappaport,* attorneys), for George Chemaly, respondent.

LUPIANO, J. This is an action brought by plaintiff, Greater New York Mutual Insurance Company, for judgment declaring that the defendant insured, I. Kalfus Co., Inc. (hereinafter Kalfus), breached the timely notice of occurrence condition of a policy of liability insurance issued by plaintiff, thus justifying plaintiff's disclaimer. Plaintiff appeals from a judgment of the Supreme Court, New York County (MASSI, J.), entered on July 10, 1974, after a nonjury trial, dismissing the complaint. The undisputed facts are: Kalfus, engaged in the business of buying, rebuilding and selling used bakery machinery, sold a rebuilt dough mixing machine in September, 1970 to Mobay Baking Corp. (hereinafter Mobay). Approximately four weeks later, on October 17, 1970, defendant George Chemaly, an employee of Mobay (apparently the brother-in-law of the owner of Mobay), was injured when his right hand got caught in the machine. David Greenspan, president of Kalfus, testified as follows: that a few days after the accident, he was informed by Mobay's owner that Chemaly accidentally caught his arm in the machine, necessitating dismantlement of the device by the fire department in order to extricate the employee. The purpose of the "call" was to request Greenspan to inspect the machine, which was reassembled by Mobay after the accident, to see if it was in proper order. In this manner, Kalfus was notified about the accident. Greenspan went to Mobay's premises and examined the machine to determine if it was reassembled properly. At that time, Mobay's owner did not make any com-

plaint regarding the machine, but simply informed Greenspan that Chemaly had caught his hand in it. Subsequently, on or about June 27, 1973, Chemaly commenced an action against Kalfus in Supreme Court, Nassau County, to recover for the injuries sustained on October 17, 1970. The insurance broker for Kalfus forwarded a copy of the summons and complaint in the Chemaly action to plaintiff herein on July 13, 1973. Condition 4(a) of the policy issued by plaintiff to defendant Kalfus provides: " in the event of an occurrence, written notice containing the particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents *as soon as practicable* " (emphasis supplied). The Supreme Court in finding in favor of the defendants stated in pertinent part: " the accident happened at a time when the Defendant Kalfus was not in control and in operation of the machinery. It was a rebuilt machine. There is no evidence that there was anything defective with it. * * * The notice that was required of the insured was a notice they received when they were served with a summons and a complaint, as in the circumstances of this case. There is no requirement that a seller of equipment, especially rebuilt equipment, when there is no claim made of a defect in any of the machinery or any part of it which would have caused an accident, to notify the carrier. *So far as the evidence in this case shows, the insured was just told to look at the machinery which had been reassembled by the buyer. He went to check out a reassemblage. No claim was made*" (emphasis supplied).

The issue presented on this appeal is whether the defendant Kalfus was obligated to report the occurrence of October 17, 1970 to plaintiff immediately upon being informed that Chemaly was injured or whether, under the circumstances of this case, the notice given by Kalfus promptly after it first received a claim in the form of a summons and complaint in the Chemaly action, was given " as soon as practicable ". " Mere knowledge that an accident has occurred does not always give rise to a duty upon the insured to report such accident to his insurer " (*875 Forest Ave. Corp.* v. *Aetna Cas. & Sur. Co.,* 37 A D 2d 11, 13 [1st Dept., 1971], affd. 30 N Y 2d 726 [1972]). The critical circumstance is that Mobay reassembled the dough mixing machine immediately after the accident and requested Kalfus to check the reassembly in order to put the machine back

into operation as quickly as possible, thus affording a basis for Kalfus' belief that it was not liable for the accident. "It is generally recognized that the insured may be excused for a delay or failure in giving the required notice to the insurer where it appears that, acting as a reasonable and prudent person, he believed that he was not liable for the accident" (31 N. Y. Jur., Insurance, § 1281). The insured's belief as to its nonliability is further buttressed by the failure of Mobay to alert the insured in any manner as to a potential claim of liability despite the apparent relationship between Mobay's owner and the injured employee. Under the circumstances presented by this record, it is patent that Kalfus' belief of nonliability was reasonable, and there was no fact presented other than the happening of the accident itself which would impel Kalfus to inquire into the circumstances of the accident. In this area of the law each case must be resolved on its own peculiar set of circumstances. The accident herein, as demonstrated by the record, is not one which would lead a reasonably prudent person to envision any possible liability on the part of the insured (cf. *Security Mut. Ins. Co. of N. Y.* v. *Acker-Fitzsimons,* 31 N Y 2d 436 [1972]).

The judgment should be affirmed, with costs.

MARKEWICH, J. (dissenting). The facts are correctly depicted in the majority opinion: Kalfus had supplied a dough mixing machine to Mobay; Chemaly, Mobay's employee, caught his hand in the machine and was released therefrom by firemen who disassembled it; the machine was reassembled, and an officer of Kalfus summoned to inspect it and approve the reassembly; he was not advised of any claim against his company but he was told what had happened; suit was commenced by Chemaly against Kalfus almost three years later. The majority opinion cites *875 Forest Ave. Corp.* v. *Aetna Cas. & Sur. Co.* (37 A D 2d 11, affd. 30 N Y 2d 726) and *Security Mut. Ins. Co. of N. Y.* v. *Acker-Fitzsimons* (31 N Y 2d 436) in support of a conclusion for affirmance. These cases cannot on the facts here be read to support that holding. Indeed, the latter case, excerpted in pertinent part and redacted by insertion of words applicable to this factual situation, would read as follows (pp. 442–443): "The recent case of *875 Forest Ave. Corp.* v. *Aetna Cas. Co.* [citation], relied upon by the majority at the Appellate Division, is distinguishable. In that case a three-year-old child fell from a fourth floor apartment window and was killed. It was held that delayed notice of the accident did not breach the notice provision where the insured, acting as a reasonable and prudent

person, believed he was not liable. That accident, however, simply was not one which would lead a reasonable person to envision any possible liability on the part of the insured * * * Here, the insureds had information * * * [about an accident involving a workman whose hand had been caught in their machine in circumstances with overtones of Workmen's Compensation] * * * yet they failed to pursue the facts or reasonably evaluate their potential liability. In sum, we conclude that the insureds failed to exercise reasonable care and diligence in ascertaining the facts about the alleged accident and in evaluating their potential liability. Thus, the otherwise unreasonable delay * * * in giving notice may not be excused or explained on the basis of 'lack of knowledge' or a 'belief of nonliability.'" (Adapted, as indicated, by insertion of bracketed words in language quoted from *Security Mutual*.) The judgment in favor of defendant Kalfus should, accordingly be reversed, and judgment awarded to plaintiff-appellant declaring breach by defendant-respondent Kalfus of its agreement with plaintiff-respondent of timely notice of accident.

KUPFERMAN, MURPHY and TILZER, JJ., concur with LUPIANO, J.; MARKEWICH, J. P., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on July 10, 1974, affirmed. Respondents shall recover of appellant one bill of $60 costs and disbursements of this appeal.