■ MERCHANTS MUTUAL INSURANCE COMPANY, Respondent, v DONALD HOFFMAN et al., Appellants, et al., Defendant. — Judgment unanimously reversed, on the law and facts, with costs, and judgment granted in favor of appellants, in accordance with the following memorandum. Defendants Donald and Frances Hoffman appeal from a judgment declaring that plaintiff, Merchants Mutual Insurance Co. (Merchants) properly disclaimed a duty to defend or to indemnify defendants in an action instituted against them by David D. Farr, a codefendant in this action. On July 19, 1973 Farr was a 15-year-old foster child under the custody and care of the Steuben County Department of Social Services (Agency) who was residing with defendants on their farm. On that date Farr sustained a broken arm when his arm went into a hay baler being driven by defendants' son. Farr was immediately taken to a hospital by Mrs. Hoffman, who promptly informed the Agency of the injury. Farr's caseworker went to the hospital and informed Mrs. Hoffman that the Agency would take care of Farr's medical bills. Farr left the hospital shortly and continued to reside with defendants for a few more months. On August 9, 1978 Farr, then an adult, commenced a personal injury action against the Hoffmans. On August 10, 1978 the Hoffmans gave notice to Merchants of Farr's action. There is no dispute that on the date of the occurrence the Hoffmans were insured under a comprehensive personal injury policy issued by Merchants; however, Merchants disclaimed coverage because the Hoffmans failed to give written notice of the occurrence "as soon as practicable" as required under the policy. Failure on the part of an insured to give notice within the period specified in the policy will vitiate the contract without any need on the part of the insurer to demonstrate prejudice (*Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440). A provision that notice must be given "as soon as practicable" after the accident merely requires that notice be given within a reasonable time under the facts and circumstances of each case (*Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 19-20; *Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., supra,* p 441; *Niagara Window Cleaning Corp. v Hartford Acc. & Ind. Co.*, 40 AD2d 751). An insured may explain or excuse his delay by demonstrating a good faith belief in nonliability as long as his belief is reasonable under all of the circumstances (*Empire City Subway Co. v Greater N. Y. Mut. Ins. Co.*, 35 NY2d 8, 13; *Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., supra,* p 441; *875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.*, 37 AD2d 11, affd 30 NY2d 726; *Greater N. Y. Mut. Ins. Co. v Kalfus Co.*, 45 AD2d 574). In the instant case, Farr suffered what appears to have been a relatively minor fracture, was given prompt medical treatment, left the hospital after a short stay and was given some physical therapy for two months. His residence in defendants' home terminated a few months after the accident without further problems occurring. At the time of the accident there was no indication that anyone would pursue a claim and, inasmuch as the Agency had taken care of the medical expenses, it was reasonable for defendants to conclude that they need do nothing further. Under the circumstances presented here, defendants demonstrated a good faith belief in nonliability and were not required to notify their insurer. On appeal from this nonjury determination, we have reviewed the evidence, as we are empowered to do, and grant the judgment which we believe should be granted on this record (*Hacker v City of New York,* 26 AD2d 400, affd 20 NY2d 722, cert den 390 US 1036). (Appeal from judgment of Supreme Court, Steuben County, Siracuse, J. — declaratory judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Schnepp, JJ.