■ L'ITALIA PROVISIONS CORP., Appellant, v INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Respondent. — In an action, *inter alia*, to declare the rights and other legal relations between the parties under an insurance policy which was issued by defendant and named the plaintiff as insured, plaintiff appeals from a judgment of the Supreme Court, Queens County (Linakis, J.), dated January 7, 1981, which dismissed the action. Judgment modified, on the law, by deleting the provision dismissing the complaint and substituting therefor a provision declaring that (1) defendant's disclaimer of defense and coverage under its policy was justified and proper, (2) defendant is not required to defend the action instituted by Evelyn Curbelo and Patricia Curbelo against plaintiff, and (3) defendant is not obligated to indemnify plaintiff for all sums plaintiff may become liable to pay with regard to the afore-mentioned suit. As so modified, judgment affirmed, without costs or disbursements. The underlying accident occurred on July 13, 1978 at 9:00 P.M. Plaintiff is a meat processing corporation. The three-year-old daughter of an employee was injured in a meat-skinning machine when she ran onto the plant floor and started the machine. There was a company policy that only employees were permitted on the plant floor. It was after normal plant hours and only two employees were on the plant floor. The machine was turned off. However,

contrary to normal practices, it was plugged in. The corporate vice-president was called to the scene immediately. He saw the girl and her mother taken to a hospital in an ambulance. He asked one employee, the girl's father and plant foreman, what had happened. The foreman stated the facts above and specifically blamed his wife for the accident. She had brought the child into the area where the machine was located. The next day the corporate secretary spoke with the foreman who reiterated the same story. The following Monday, when the foreman returned to work, the secretary and vice-president again asked for the facts involved in the incident. The same story was repeated. No notice of an occurrence was sent at that time to the defendant, an insurance company that had issued a "General Liability-Automobile Policy" to the plaintiff. The foreman continued to work for the plaintiff for almost a year and one half after the accident. He did not indicate that he would make a claim against plaintiff until one year after the accident, when, in a letter dated July 12, 1979, the foreman's attorney notified plaintiff that a claim for injuries and loss of services would be prosecuted. Plaintiff notified defendant of the claim on July 27, 1979. By letter dated July 31, 1979, defendant disclaimed liability to defend or indemnify the plaintiff if an action were instituted, because of plaintiff's failure to co-operate and give timely notice. The insurance policy issued to plaintiff required giving notice of an occurrence to defendant as soon as practicable. It is clear, from the facts presented, that plaintiff did not give notice "as soon as practicable", nor was it given within a reasonable time, in light of the circumstances at hand (see *Deso v London & Lancashire Ind. Co. of Amer.*, 3 NY2d 127). Plaintiff has not complied with the terms of the policy and therefore defendant is not obligated to defend plaintiff against the underlying claim, nor is defendant obligated to indemnify plaintiff if it is found liable. The situation here is unlike that presented in *875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.* (37 AD2d 11, 13), where the accident involved the death of a young child who inexplicably fell out of an open window in her parents' apartment. The manner in which the instant accident occurred and all of the surrounding facts and circumstances would have clearly suggested to a reasonable and prudent person, and, perforce, to the plaintiff's vice-president who immediately came to the plant and was informed of the particulars of the accident by the infant's father, who was also the plant foreman, that there existed a strong possibility that a liability claim would eventually be made against the plaintiff. Gibbons, J. P., Gulotta, O'Connor and Bracken, JJ., concur.