■ Eᴠᴇʀᴇᴀᴅʏ Iɴsᴜʀᴀɴᴄᴇ Cᴏᴍᴘᴀɴʏ, Appellant, v Rᴏʙᴇʀᴛ Lᴇᴠɪɴᴇ, Respondent, et al., Defendants.—In an action *inter alia,* for a judgment declaring the rights of the parties under an insurance contract issued by the plaintiff Eveready Insurance Company, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Cooperman, J.), dated March 22, 1988, as, after a nonjury trial, (1) declared the plaintiff's disclaimer of its duty to defend and indemnify its insured, the defendant Robert Levine, under the policy was improper, (2) directed the plaintiff to defend its insured in a personal injury action instituted against him by Susie and James Stokeling and (3) directed the

plaintiff to pay any judgment or settlement against the insured in that action pursuant to the terms of the policy.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, and it is declared that the plaintiff's disclaimer of its duty to defend and indemnify the defendant Levine under its policy was justified and proper, and that the plaintiff is not required to defend or indemnify the defendant Levine with regard to the action instituted by Susie and James Stokeling.

The plaintiff Eveready Insurance Company (hereinafter Eveready) seeks a declaration that it is not obligated to defend or indemnify Robert Levine in a negligence action brought against him by Susie and James Stokeling to recover damages for personal injuries allegedly sustained when their vehicle was struck in the rear by a car owned and operated by Robert Levine on October 12, 1983. At the time of the accident, an automobile liability insurance policy issued by Eveready and naming Robert Levine as the insured was in effect. The policy contained a provision requiring the insured to notify Eveready of the occurrence of an accident "as soon as reasonably practical." Approximately 18 months after the accident, Levine's attorneys furnished Eveready with the first written notice of the accident by letter dated April 26, 1985. Thereafter, Eveready disclaimed coverage on the ground that Levine had breached the notice provision of the insurance policy.

At the trial on the issue of whether or not Levine had complied with the notice provision, the parties stipulated to the admission of the letter of April 26, 1985, which explained the delay in providing Eveready with notice of the accident as follows. At the time of the accident, no one was reported injured. Thereafter, Levine personally paid the Stokelings for property damage to their motor vehicle in the sum of $750. Levine did not report the accident to Eveready because he believed the incident closed when he paid for the property damage. Levine had no indication that a claim for personal injuries would be made until he was served with the Stokelings' summons and complaint instituting their action for personal injuries. Levine forwarded the summons and complaint to his attorneys, who, in turn, notified Eveready of the accident and the Stokelings' claim for personal injuries. It is not disputed on this appeal that Levine and his attorneys expeditiously notified Eveready of the accident upon receipt of the summons and complaint.

A provision that notice be given "as soon as reasonably practical" after an accident or occurrence requires that notice

be given within a reasonable time under the circumstances *(Jenkins v Burgos,* 99 AD2d 217, 219-220). Compliance with the notice provision of an insurance policy is a condition precedent to coverage and noncompliance vitiates the contract, both as to the insured and persons injured or damaged by his acts without the necessity of the insurer showing prejudice resulting from the late notice *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440-441; *Deso v London & Lancashire Indem. Co.,* 3 NY2d 127, 129; *Jenkins v Burgos, supra,* at 219).

A good-faith belief that there was no injury may excuse the insured from notifying the insurer about the accident until he becomes aware that there was an injury, provided that the insured's belief is reasonable under all the circumstances *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* at 441; *Deso v London & Lancashire Indem. Co., supra,* at 130; *Melcher v Ocean Acc. & Guar. Corp.,* 226 NY 51; *see, e.g., Public Serv. Mut. Ins. Co. v Levy,* 57 AD2d 794; *L'Italia Provisions Corp. v Interboro Mut. Indem. Ins. Co.,* 86 AD2d 888, *lv denied* 56 NY2d 507; *Lukin v Massachusetts Bonding & Ins. Co.,* 28 Misc 2d 876; *Continental Cas. Co. v Lester,* 25 Misc 2d 496). In the case at bar, Robert Levine bore the burden of establishing that there was no reasonable ground for believing, prior to his receipt of the Stokelings' summons and complaint, that bodily injury had resulted from the accident *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* at 441; *Rushing v Commercial Cas. Ins. Co.,* 251 NY 302).

We find that the insured did not satisfy his burden of proof. Levine's bare reliance upon the fact that no one complained of any bodily injuries at the time of the accident did not, under the circumstances of this case, excuse his failure to give notice to Eveready until after suit was commenced by the Stokelings. Here, the property damage to Stokelings' vehicle cannot be characterized as trivial *(cf., Continental Cas. Co. v Lester, supra; Christensen v Allstate Ins. Co.,* 29 Misc 2d 671). To the contrary, the severity of the property damage sufficed to invoke Levine's statutory duty to report the accident to the Commissioner of the Department of Motor Vehicles because the property damage was in excess of $600 *(see,* Vehicle and Traffic Law § 605). The manner in which the instant accident occurred and the extent of the damage to the vehicle would suggest to a reasonable and prudent person that there existed a strong possibility that a personal injury claim would eventually be made against the insured *(see, e.g., LeSage v Utilities*

*Ins. Co.,* 131 F2d 536; *Lilly v Ohio Cas. Ins. Co.,* 234 F Supp 53; *see also,* Annotation, *Insurance—Notice—Trivial Occurrence,* 39 ALR3d 593 *et seq.;* § 2 [a]; § 4 [b]; § 5 [b]).

Since Levine did not comply with the notice provisions of the policy, Eveready's disclaimer of coverage under the policy was proper. Accordingly, Eveready is not obligated to defend Levine against the underlying negligence claim or to indemnify Levine if he is found liable. Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.