GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant, v SALVATORE FARRAUTO et al., Respondents.

On October 11, 1971, Angela Farruggio, the four-year-old granddaughter of the defendants Salvatore and Angelina Farrauto, fell down a flight of stairs in premises owned by the Farrautos. A dish the child was carrying broke and a piece of that dish struck Angela in the eye. Angela thereby sustained a serious injury to her eye, requiring hospitalization and an operation. In a statement that Angelina Farrauto subsequently gave to an investigator employed by the plaintiff, she acknowledged that, at the time of the accident, the linoleum covering the stairway was damaged and in need of repair.

At the time of the accident, the Farrautos were covered by a

comprehensive liability policy issued by the plaintiff. Under the terms of the policy the Farrautos were required to give the plaintiff notice of the occurrence "as soon as practicable". However, the Farrautos did not notify' the plaintiff of the accident until 9½ years later, when they were served with a summons and complaint in a personal injury action brought on behalf of their granddaughter (see, Greater N. Y. Mut. Ins. Co. v Farrauto, 136 AD2d 598).

The plaintiff subsequently commenced this action seeking a judgment declaring that, as a result of the delay in notification, it was not required to defend or indemnify the Farrautos. The Supreme Court ruled that prior to the commencement of the suit, there was no indication that anyone would pursue a claim against the Farrautos. Hence, the court reasoned, the Farrautos had no duty to notify the plaintiff of the occurrence until the suit had in fact been commenced. Accordingly, the court excused the delay in notification, and directed the plaintiff to defend and indemnify the Farrautos.

We reverse and find that the court erred as a matter of law in finding the 9½-year delay excusable. What is reasonable notification to an insurer must be determined under the particular facts and circumstances of each case (see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436; see also, Mighty Midgets v Centennial Ins. Co., 47 NY2d 12). However, a delay in notification is not excusable where a reasonable and prudent insured would have concluded that there exists a strong possibility that a liability claim will be made (see, L'Italia Provisions Corp. v Interboro Mut. Indem. Ins. Co., 86 AD2d 888; Deso v London & Lancashire Indem. Co., 3 NY2d 127). The fact that an insured is unaware that an interfamilial lawsuit can be commenced is not a legally cognizable reason to delay notifying an insurer of an accident (see, Virtuoso v Aetna Cas. & Sur. Co., 134 AD2d 252).

In the instant case, the Farrautos at all times knew that their granddaughter had been seriously injured on a defective staircase. In such circumstances, a reasonable and prudent insured would have concluded that there was a strong possibility that a liability claim would arise (see, L'Italia Provisions Corp. v Interboro Mut. Indem. Ins. Co., supra; see, Allstate Ins. Co. v Furman, 84 AD2d 29, affd 58 NY2d 613; cf., Merchants Mut. Ins. Co. v Hoffman, 86 AD2d 779, affd 56 NY2d 799). Accordingly, the Supreme Court erred when it deemed the 9½-year delay herein excusable. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.