■ WILLIAM R. BRIGGS, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.—Levine, J. Appeal from an order of the Supreme Court (White, J.), entered January 10, 1991 in Montgomery County, which, *inter alia,* granted plaintiff's motion for summary judgment.

Plaintiff is the owner of an outboard motorboat insured by defendant under a policy which provides, *inter alia,* that in the event of an "accident or occurrence" involving the "operation, maintenance or use of the * * * watercraft", the insured

has a duty to give written notice "as soon as possible". On July 4, 1985 plaintiff was operating his boat when it hit a large wave, causing a passenger, Lorelei Lindberg, to be jounced in her seat. As a result, Lindberg complained of pain in her back and was taken to the emergency room of a local hospital where she was X-rayed, instructed to take Tylenol for pain and discharged. At that time, plaintiff advised Lindberg to contact him if she had any medical bills or further medical problems.

Subsequently, in early January 1988, plaintiff received a letter from Lindberg's attorney informing him that Lindberg had suffered a compression fracture of the vertebrae in her back as the result of the alleged negligent operation of his boat. Plaintiff immediately delivered the letter to defendant, which disclaimed liability to indemnify or defend on the ground of late notice.

Plaintiff then commenced this action seeking, *inter alia,* a declaration that defendant had improperly disclaimed coverage. Following joinder of issue, plaintiff moved and defendant cross-moved for summary judgment. Supreme Court granted plaintiff's motion and denied defendant's cross motion, concluding that plaintiff's delay in giving notice was excused by his reasonable belief in nonliability. This appeal followed.

We affirm. While noncompliance with the notice provision of an insurance policy will vitiate the contract *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440), an insured's delay in giving notice may be excused where it is based upon a good-faith belief in nonliability, provided that such belief is reasonable under the circumstances *(see, supra,* at 441; *Eveready Ins. Co. v Levine,* 145 AD2d 526, 528; *Cohoes Rod & Gun Club v Fireman's Ins. Co.,* 134 AD2d 782, 783). Here, neither the manner in which Lindberg's injury occurred nor the nature of the injury sustained or the medical treatment received by her on the day of the incident were such that plaintiff would have been made aware that a personal injury claim would be pursued *(see, Merchants Mut. Ins. Co. v Hoffman,* 86 AD2d 779, *affd* 56 NY2d 799; *cf., Eveready Ins. Co. v Levine, supra).* Plaintiff averred in his supporting affidavit that, despite his request to Lindberg that he be notified of any further medical problems, he received no medical bills or other correspondence indicating that Lindberg sustained anything other than minor back pain until January 8, 1988, nearly 2½ years after the incident. Furthermore, Lindberg herself averred that she was unaware of the extent of her injury until January 1988. In view of the foregoing, we agree

with Supreme Court that plaintiff demonstrated a good-faith reasonable belief in nonliability so as to excuse his delay in giving defendant notice *(see, Merchants Mut. Ins. Co. v Hoffman, supra).*

As a final matter, we note that Supreme Court incorrectly considered whether defendant suffered any prejudice as a result of plaintiff's delay *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* at 440; *Eveready Ins. Co. v Levine, supra).* However, because we reach the same conclusion without consideration of that factor, Supreme Court's order granting plaintiff summary judgment should be affirmed.

Mahoney, P. J., Casey, Mikoll and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.