■ ELECTRONIC SERVICES INTERNATIONAL, INC., Plaintiff, v RALPH SILVERS, Doing Business as RALPH SILVERS AGENCY, Defendant and Third-Party Plaintiff-Appellant. STATE INSURANCE FUND, Third-Party Defendant; FIREMAN'S FUND INSURANCE Co., Third-Party Defendant-Respondent. [650 NYS2d 243] —In an action to recover damages for insurance broker malpractice, the defendant third-party plaintiff, Ralph Silvers d/b/a Ralph Silvers Agency, appeals from so much of an order of the Supreme Court, Queens County (Lane, J.), dated October 23, 1995, as denied its motion for summary judgment against the third-party defendant.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the third-party defendant's cross motion for summary judgment, and, upon searching the record, substituting therefor a provision granting the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the third-party defendant, and the third-party complaint is dismissed.

The defendant third-party plaintiff Ralph Silvers d/b/a Ralph Silvers Agency (hereinafter Silvers), a sole proprietorship insurance brokerage operated by Lon Silvers, the owner's son, obtained workers' compensation coverage for its client, the plaintiff Electronic Services International, Inc. (hereinafter ESI), that did not include coverage for employees working outside of New York State. When one of ESI's employees was injured out-of-State, he sued ESI; and ESI in turn advised Silvers that it intended to hold Silvers liable for its failure to obtain proper insurance. Lon Silvers contends that he sent notice of ESI's claim to the third-party defendant Fireman's Fund Insurance Co. (hereinafter FFIC), his malpractice insurer, on May 11, 1990 immediately after his receipt of ESI's May 8, 1990, letter advising Silvers of the potential claim. The only evidence of this mailing was a copy of a "speed memo" from Lon Silvers to FFIC's agent, Independent Insurance Agents of N. Y. (hereinafter IIANY). Although Silvers should have received confirmation from IIANY that it had forwarded Silvers' claim to FFIC, the insurer and its agent were silent, and Silvers made no inquiry until, in February 1991, he received a second notice from ESI of the potential claim. This second notice *was* transmitted to IIANY, although without any reference to the alleged previous notification. Silvers also denied the existence of any outstanding claims in his malpractice insurance renewal applications completed in December

1990. Ultimately, FFIC disclaimed coverage because Silvers had delayed nine months before notifying it of ESI's claim.

ESI commenced this action against Silvers. After impleading FFIC, Silvers moved for summary judgment seeking a declaration that FFIC was bound to defend and indemnify him. Lon Silvers averred in an accompanying affidavit that he had promptly put the May 1990 notice of ESI's claim in his office's "out-mail" box, which was routinely emptied by a United States Postal Service worker. According to Lon Silvers, this affidavit created a presumption of mailing, regardless of whether or not IIANY or FFIC actually received the notice. FFIC opposed the motion, and cross-moved for summary judgment. The court denied both the motion and the cross motion, finding that there were issues of fact as to the alleged May 1990 mailing by Lon Silvers.

Under the circumstances of this case, Lon Silvers' affidavit and "speed memo" do not, without more, establish his prima facie entitlement to summary judgment. Such evidence suffices only to raise a rebuttable presumption of mailing (*see, e.g., Sport-O-Rama Health & Fitness Ctr. v Centennial Leasing Corp.,* 100 AD2d 584; *see also, Capra v Lumbermen's Mut. Cas. Co.,* 43 AD2d 986; *Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522; *Boyce v National Commercial Bank & Trust Co.,* 41 Misc 2d 1071, *affd* 22 AD2d 858). Militating against this presumption is the fact that Silvers failed to establish by means of a clerk, postal worker, or other impartial witness that the alleged May 11, 1990 notice of claim was in fact delivered into the "exclusive control" of the United States Postal Service (CPLR 2103; *see, e.g., Gardam & Son v Batterson,* 198 NY 175; *see also,* Richardson, Evidence § 80, at 56 [Prince 10th ed]; *cf., A & B Serv. Sta. v State of New York,* 50 AD2d 973).

Moreover, Silvers' allegation that he mailed to FFIC notice of the claim against him on May 11, 1990, has been effectively overcome by FFIC's forceful denial of receipt (*see, e.g., Capra v Lumbermen's Mut. Cas. Co., supra; Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522, *supra; Boyce v National Commercial Bank & Trust Co.,* 41 Misc 2d 1071, *affd* 22 AD2d 858, *supra*). This denial consists of affidavits from employees of the insurer and its agent, describing, *inter alia,* the strict procedures followed by them in the handling of claims submitted by insurance agents—procedures which have been formulated to ensure that each claim is properly recorded, delivered and acknowledged. These procedures render it virtually impossible that Silvers' May 1990 notice of claim could have been received but misplaced by the third-party defendant or its agent.

Silvers is thus reduced to surmising that his May 1990 notice became lost in some unexplained fashion. Such unsupported speculation does not suffice to rebut the third-party defendant's strong proof of nonreceipt (*see, e.g., Engel v Lichterman,* 95 AD2d 536, *affd* 62 NY2d 943). In addition, a hearing or trial would be superfluous under the circumstances, because Lon Silvers' behavior in never mentioning or otherwise pursuing the notice of claim he purportedly mailed to FFIC in May 1990 has negated his credibility as a matter of law (*see, e.g., Watt v New York City Tr. Auth.,* 97 AD2d 466).

On a motion for summary judgment, this Court can search the record and grant summary judgment to the respondent, even in the absence of a notice of cross appeal (CPLR 3212 [b]; *Kornfeld v NRX Technologies,* 62 NY2d 686; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106).

The record at bar establishes that Silvers did not notify FFIC of the claim against him until February 1991, nine months after he first learned of it, in May 1990. This delay constitutes a breach of an express condition precedent to coverage, with the result that FFIC is not obliged to defend or indemnify Silvers in his litigation with ESI (*see, e.g., Republic N. Y. Corp. v American Home Assur. Co.,* 125 AD2d 247; *see also, Eveready Ins. Co. v Levine,* 145 AD2d 526; *Allstate Ins. Co. v Grant,* 185 AD2d 911; *L'Italia Provisions Corp. v Interboro Mut. Indem. Ins. Co.,* 86 AD2d 888). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.