■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v ELISE RILEY et al., Respondents, and HARTFORD INSURANCE COMPANY, Appellant. [650 NYS2d 308] —In an action, *inter alia,* for a judgment declaring that the plaintiff insurance company is not obligated to defend or indemnify the defendants Elise Riley and Jude St. Pierre in an underlying action brought by the defendant Maryanne Lee, the defendant Hartford Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated November 1, 1995, which declared that the plaintiff is not obligated to defend or indemnify Elise Riley and Jude St. Pierre and that Maryanne Lee is "entitled to proceed with her uninsured motorist claim against Hartford Insurance Company."

Ordered that the judgment is affirmed, with costs.

On November 26, 1991, a motor vehicle owned and operated by Maryanne Lee was hit in the rear by a vehicle owned by Elise Riley and driven by Jude St. Pierre. Neither Riley nor St. Pierre notified the plaintiff, New York Central Mutual Fire Insurance Company (hereinafter New York Central), which insured the Riley vehicle. On June 29, 1992, St. Pierre's license was suspended for failing to file an MV-104 report of the accident with the Department of Motor Vehicles. When New York Central finally learned of the accident in February 1993, it promptly began an investigation into the claim. On April 30, 1993, New York Central obtained the signed statements of both Riley and St. Pierre and on May 10, 1993, it disclaimed coverage for the accident.

Pursuant to the terms of Riley's policy, either Riley or St. Pierre was obligated to "promptly" notify New York Central after the occurrence of the accident. It is well settled that compliance with the notice provision is a condition precedent to coverage and noncompliance vitiates the contract, both as to the insured and persons injured by the insured's actions, without the necessity of the insurer demonstrating prejudice as a result of the late notice *(see, White v City of New York,* 81 NY2d 955; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576). A good faith belief that no injury resulted from the accident may excuse the insured from notifying the insurer about the accident until he or she becomes aware that there was an injury, provided that the insured's belief is reasonable under all the circumstances *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Eveready Ins. Co. v Levine,* 145 AD2d 526). The insured bears the burden of proving that the

delay in giving notice was reasonable *(see, Eveready Ins. Co. v Levine, supra; Matter of Lloyd [MVAIC],* 27 AD2d 396, *affd* 23 NY2d 478).

In the case at bar, Riley and St. Pierre have failed to demonstrate that the plaintiff was given reasonable notice of the accident. Merely because no one complained of any bodily injury at the time of the accident does not, under the circumstances of this case, excuse the failure to give notice *(see, Eveready Ins. Co. v Levine, supra).* St. Pierre and Riley should have immediately realized that the accident was more than a minor occurrence and may have resulted in bodily injury since, by St. Pierre's own admission, he was unable to drive his vehicle away from the scene of the accident until he tied a chain between his front bumper and a nearby tree in order to free the bumper from the front wheel. At the very least, as of June 1992, St. Pierre was on notice that the accident resulted in significant damage since the suspension of his license was based upon his failure to report an accident which resulted in more than $1000 worth of damage (Vehicle and Traffic Law § 605). Thus "[t]he manner in which the instant accident occurred and the extent of the damage to the vehicle[s] would suggest to a reasonable and prudent person that there existed a strong possibility that a personal injury claim would eventually be made against the insured" *(Eveready Ins. Co. v Levine,* 145 AD2d 526, 528, *supra).*

Accordingly, the hearing court properly found that Riley and St. Pierre failed to comply with the notice provisions of the policy and that New York Central is not obligated to defend or indemnify them. Nor is there merit to the contention that New York Central failed to timely disclaim since it engaged in a reasonably prompt, thorough, and diligent investigation of the claim *(see, Matter of Prudential Prop. & Cas. Ins. Co. [Mathieu],* 213 AD2d 408). Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.