*585 In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled Ahmad v Marku, commenced in the Supreme Court, Kings County, under Index No. 5809/00, the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered December 12, 2002, which denied its motion for summary judgment.
Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to defend or indemnify the plaintiff in the underlying action.
The defendant provided insurance coverage for property owned by the plaintiff. The policy required the plaintiff to notify the defendant “as soon as practicable of an ‘occurrence’ . . . which may result in a claim.” The definition of “occurrence” included “an accident.” In August 1997, a dog kept on the plaintiffs premises attacked a NYNEX employee who allegedly was on the property unlawfully. The victim was removed from the scene by ambulance and hospitalized for three days. Although the plaintiff was aware of the incident, it did not notify the defendant of it.
In February 2000 the victim commenced the underlying personal injury action, among others, against the plaintiff. The defendant was then notified of the incident. The defendant disclaimed coverage due to late notice and the plaintiff commenced this action seeking a declaration that the defendant is required to defend and indemnify it in the underlying action.
Compliance with the notice provision of an insurance policy is a condition precedent to coverage (see New York Cent. Mut. Fire Ins. Co. v Riley, 234 AD2d 279 [1996]). Therefore, absent a valid excuse, the failure to comply with the notice requirements vitiates coverage (see American Home Assur. Co. v International Ins. Co., 90 NY2d 433 [1997]). A reasonable belief in nonliability will excuse the delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse (see White v City^ of New York, 81 NY2d 955 [1993]). Based on the evidence available to the plaintiff in 1997, a reasonable and prudent insured would have concluded that there existed a strong possibility that a liability claim would be made due to *586 the fact that the victim was removed from the scene by ambulance and hospitalized for three days (see Greater N.Y. Mut. Ins. Co. v Farrauto, 158 AD2d 514 [1990]). Accordingly, the plaintiffs delay in giving notice was not excusable. Krausman, J.P., McGinity, Cozier and Rivera, JJ., concur.