JARKA CORPORATION, Appellant, *v.* AMERICAN FIDELITY & CASUALTY COMPANY, Respondent.

First Department, July 9, 1963.

*John Nielsen* of counsel (*Thomas O. Perrell* with him on the brief; *Perrell, Nielsen & Stephens*, attorneys), for appellant.

*William L. Shumate* of counsel (*Cusack, Shumate & Geoghan*, attorneys), for respondent.

STEUER, J. Defendant insurance company had issued a liability policy on a truck owned by Langer Transport Corporation. The policy contained provisions covering loading and unloading. On December 1, 1953, merchandise was being delivered on the truck to plaintiff Jarka Corporation (hereinafter Jarka), which proceeded to unload it. The actual unloading was done by its employee, Dos Santos. In the course of the work, Dos Santos let a crate fall, injuring a man named Aarhus. The latter sued Jarka and it impleaded Dos Santos as a third-party defendant. Aarhus had a judgment by consent against Jarka for $16,500, and Jarka in turn a judgment in the same amount against Dos Santos. Dos Santos having failed to pay the judgment, this action followed.

Dos Santos is an insured under the policy (*Wagman* v. *American Fid. & Cas. Co.,* 304 N. Y. 490). Defendant, however, claims that due and timely notice as provided by the policy was not given. The record is rather scanty, but it can be interpreted as establishing that Dos Santos was a laborer who was altogether unaware of his rights as an insured and that he did give notice when so advised by his employer, Jarka. That notice was given sometime in August, 1954. Notice under such circumstances is given as soon as practicable and is due and timely (*Greaves* v. *Public Serv. Mut. Ins. Co.,* 4 A D 2d 609, affd. 5 N Y 2d 120). Jarka, however, gave no notice at all. It knew of the accident and was quite conversant with the rights of one doing unloading as an insured under the truckman's policy. At least this is a reasonable deduction from the fact that it appeared in the Aarhus action by the attorney for its insurance company, and it does not contest this fact. Though the notice given by Dos Santos was timely, in view of his knowledge, it would not be timely if given by one who was from the date of the accident aware of his rights. Jarka, however, claims that it was under no obligation to give notice as it stands in the position of a claimant and not in the position of an insured.

The situation is not quite so simple, nor is it so easily to be divorced from the realities. It must be apparent that Jarka's object of bringing in its employee was not to be indemnified by the employee but to take advantage of the fact that the was an insured under the policy covering the truck. In effect Jarka was solidifying its own position as an insured under the policy. It should not be allowed to accomplish this without complying with the policy conditions. To do this it would either have to give notice itself or instruct its employee to do so as soon as practicable. It was found as a fact by the trial court that it did not do so.

Had Jarka not brought its employee into the action and relied on the contention that it was itself an insured, it would be barred by its failure to give timely notice. This disability effects an estoppel, personal against the claimant, regardless of the capacity in which Jarka brings suit. It cannot be obviated by the transparent device of shifting the liability to its employee. So as far as this action is concerned, there is a complete bar to recovery.

The judgment should be affirmed, with costs.

BREITEL, J. P., RABIN, STEVENS and BERGAN, JJ., concur.

Judgment unanimously affirmed, with costs to the respondent.