NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant, v. PEARLY MALONE et al., Respondents.— In an action to declare whether the plaintiff insurance company properly disclaimed liability under an automobile

liability insurance policy issued by it to the defendant Malone, the plaintiff appeals from a judgment of the Supreme Court, Kings County, entered January 31, 1963 upon the decision and opinion of a Special Referee after a nonjury trial before him, declaring that plaintiff is obligated: (a) to defend a negligence action brought by the defendant Miles against the defendant Malone; (b) to pay, subject to policy limitations, any sum which the defendant Malone shall become obligated to pay to defendant Miles as damages for injury to person and property in said negligence action; and (c) to pay $600 (plus costs) to the defendant Malone as counsel fee necessarily incurred by her " to date " in defense of the plaintiff's action and in defense of the defendant Miles' action. Judgment affirmed, with costs. No opinion. Kleinfeld, Hill and Hopkins, JJ., concur; Ughetta, Acting P. J., and Brennan, J., dissent and vote to reverse the judgment and to grant judgment to the plaintiff, with the following memorandum: In our opinion, because of the delay by the defendant Malone in notifying the plaintiff insurance company of the subject automobile accident, the plaintiff is not obligated to defend the action brought against said defendant (its insured) by the defendant Miles. The policy requires such notice " as soon as practicable." The accident occurred September 28, 1961. The insurance company was not notified until December 19, 1961, some 80 days later. It is no concern of the company that, because of the defendant Malone's limited education or lack of explicit instruction by her own broker, she labored under the misapprehension that Allstate Insurance Company was her insurer, rather than the plaintiff. Such lack of knowledge should not be permitted to visit prejudice upon an innocent party (*Deso* v. *London & Lancashire Ind. Co.*, 3 N Y 2d 127; *Reina* v. *United States Cas. Co.*, 228 App. Div. 108, affd. 256 N. Y. 537; *Mason* v. *Allstate Ins. Co.*, 12 A D 2d 138).