■  FRANK PADAVAN, Respondent, v. ANTHONY J. CLEMENTE, Defendant and Third-Party Plaintiff-Respondent. MERCHANTS MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant.— In an action to recover damages for personal injuries, in which defendant interposed a third-party complaint, third-party defendant Merchants Mutual Insurance Company appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered February 13, 1973, as, after a nonjury trial upon the third-party complaint, (1) adjudged that said third-party defendant is obligated to defend the third-party plaintiff and to pay any judgment rendered against him in the main action and (2) is in favor of the third-party plaintiff against said third-party defendant for $7,500 (for counsel fees and expenses) plus costs and disbursements. Judgment modified, on the law and the facts, by (1) inserting in the second and third decretal paragraphs (which contain the adjudication that said third-party defendant is obligated to pay such judgment if rendered), immediately after the word "judgment", the following: "excluding any amount awarded as punitive damages" and (2) striking therefrom the fourth decretal paragraph, which awards the third-party plaintiff a monetary recovery. As so modified, judgment affirmed, insofar as appealed from, with costs to third-party defendant Merchants Mutual Insurance Co. against the third-party plaintiff, and case remitted to the Trial Term for a further trial on the issue of the amount of the counsel fees and expenses that should properly be awarded to the third-party plaintiff against third-party defendant Merchants Mutual Insurance Company and for entry of an amended judgment after determination of that issue. The third-party plaintiff, Clemente, purchased a homeowner's policy of insurance from third-party defendant Merchants Mutual Insurance Company in 1965 as a requirement of title closing when he purchased a home. The record supports Trial Term's finding that the "off premises" coverage provisions of the policy were not explained to Clemente at the time of the procurance of the insurance or subsequent thereto. On November 26, 1967 Clemente was involved in a hunting accident which occurrred off the insured premises and resulted in the commencement of the instant main action against him on June 29, 1968. He notified Merchants Mutual of the accident on

July 5, 1968 after consulting with his privately retained attorney, who advised him that his homeowner's policy afforded off-premises coverage. In our view, the notice to Merchants Mutual, given seven months after the accident but only one week after Clemente learned for the first time that the policy afforded him off-premises coverage, was given "as soon as practicable" (see *875 Forest Ave. Corp.* v. *Aetna Cas. & Sur. Co.*, 37 A D 2d 11, affd. 30 N Y 2d 726; *Gluck* v. *London & Lancashire Ind. Co. of Amer.*, 2 A D 2d 751, affd. 2 N Y 2d 953; *Osterhout* v. *Travelers Ind. Co.*, 42 Misc 2d 1058; see, also, 31 N. Y. Jur., Insurance, §§ 1280, 1281). The complaint in the main action demanded, in addition to compensatory damages, punitive damages against Clemente for his allegedly gross negligent conduct. In New York, punitive damages are awarded to punish a defendant for morally culpable or reprehensibly or evilly motivated conduct and to set an example for others (*Clevenger* v. *Baker Voorhis & Co.*, 19 A D 2d 340, affd. 14 N Y 2d 536; *Walker* v. *Sheldon*, 10 N Y 2d 401), unlike some sister jurisdictions where punitive damages are considered compensatory in nature (*Hartford Acc. & Ind. Co.* v. *Wolbarst*, 95 N. H. 40). Since punitive damages in New York are awarded as punishment against a defendant and as a warning to others, it is self-evident that it would defeat New York's expressed public policy to permit an insured to avoid the effect of the imposition of punitive damages by passing the burden of payment on to an insurance company (see *American Sur. Co. of N. Y.* v. *Gold*, 375 F. 2d 523; *Teska* v. *Atlantic Nat. Ins. Co.*, 59 Misc 2d 615; Liability Insurance — Punitive Damages, 20 ALR 3d 343). In an action against an insurer which has refused to comply with its obligation to defend the insured, the latter is entitled to recover from the insurer only those expenses he incurred in defense of the action and may not recover the expenses of an action brought against the insurer for its refusal to defend (*Grimsey* v. *Lawyers Tit. Ins. Corp.*, 31 N Y 2d 953; *Doyle* v. *Allstate Ins. Co.*, 1 N Y 2d 439). The record is insufficient to justify the award for counsel fees and expenses and, therefore, the case should be remitted to the trial court for a determination of that issue. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennen, JJ., concur.