■ MIGHTY MIDGETS, INC., Respondent, v CENTENNIAL INSURANCE COMPANY, Appellant. (And Another Title.)—In an action, *inter alia,* to declare that defendant, pursuant to the terms of a liability insurance policy issued to plaintiff, is obligated to appear for and defend plaintiff in a negligence action pending against it, defendant appeals from a judgment of the Supreme Court, Rockland County, entered December 30, 1976, which, after a nonjury trial, declared, *inter alia,* that (1) it is obligated to appear for and defend plaintiff in the said negligence action and (2) it is obligated to pay plaintiff the attorneys' fees necessarily incurred in the prosecution of the declaratory judgment action. Judgment modified, on the law, by deleting therefrom the provision which obligates defendant to pay plaintiff the attorneys' fees necessarily incurred in the prosecution of the declaratory judgment action and substituting therefor a provision declaring that plaintiff is not entitled to recover said fees from defendant. As so modified, judgment affirmed, without costs or disbursements. The trial court properly held that defendant-appellant is required to appear for and defend plaintiff-respondent in the pending negligence action, although we do not agree with all of the separate reasons stated in its decision. However, plaintiff is not

entitled to recover counsel fees in connection with the within action for a declaratory judgment (see *Goldberg v Lumber Mut. Cas. Ins. Co.,* 297 NY 148; *Doyle v Allstate Ins. Co.,* 1 NY2d 439, 444; *Grimsey v Lawyers Tit. Ins. Corp.,* 31 NY2d 953; *Padavan v Clemente,* 43 AD2d 729; *Broquedis v Employers Mut. Liab. Ins. Co. of Wisconsin,* 45 AD2d 591; cf. *National Grange Mut. Ins. Co. v Malone,* 21 AD2d 881, affd 15 NY2d 1025). Martuscello, J. P., Rabin and Shapiro, JJ., concur; Cohalan, J., dissents and votes to reverse the judgment and grant judgment in favor of defendant declaring that it is not obligated to defend plaintiff in the pending negligence action, with the following memorandum, in which Titone, J., concurs: Plaintiff, Mighty Midgets, Inc., is a nonprofit sponsor of boys' football teams. An infant team member, Glenn De Temple, was scalded by a pot of boiling frankfurter water on October 18, 1970, resulting in a separate negligence action against plaintiff. The liability insurance policy maintained by plaintiff with defendant, Centennial Insurance Company, requires written notice "to the company or any of its authorized agents as soon as practicable" in the event of an "occurrence" (which is defined to include an accident resulting "in personal injury or property damage"). Waiver or change of any policy provision is expressly forbidden except by signed indorsement. Clearly, such a nonwaiver clause is binding and enforceable (see *Bazar v Great Amer. Ind. Co.,* 306 NY 481). The day following the accident plaintiff's president telephoned Dunn & Fowler (described on the face of the policy, somewhat ambiguously, as "agent or broker") and spoke to an unnamed young woman inquiring whether he should "put it under a medical claim or liability claim." According to his trial testimony, the woman told him to file a medical claim under a medical insurance policy plaintiff maintained with a different carrier through the same broker. No written notice under the liability policy was given at that time. A good faith belief of nonliability, reasonable under all the circumstances, may excuse a seeming failure to give timely notice (*Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436), but on the present facts the telephone call of plaintiff's president suggests a full awareness of potential liability. Even if his apparent hope that the medical policy would satisfy the claim could temporarily excuse the failure to give written notice, that excuse disappeared on April 7, 1971 when the medical insurance carrier notified plaintiff (and the claimant's parents) that it was denying coverage. Nevertheless, for almost seven more weeks, plaintiff took no action to notify defendant in writing of the impending claim. Finally, plaintiff received a letter from an attorney retained by the parents, dated May 25, 1971, requesting it to have its carrier contact him. That letter was forwarded through the broker/agent and finally reached the defendant more than eight months after the accident. Although an insurer need not show prejudice to assert the defense of noncompliance (31 NY Jur, Insurance, § 1262), evidence was offered to show the hostility of witnesses and the change in physical circumstances in the accident area as a result of the long delay. On these facts, written notice was clearly not given "as soon as practicable" and the carrier was justified in disclaiming liability. It should also be noted that the prompt disclaimer notice requirement of subdivision 8 of section 167 of the Insurance Law was expressly limited to motor vehicle accidents during the period involved here. Moreover, defendant's delay in disclaiming liability was adequately explained by its difficulty in contacting plaintiff's president in person or by telephone, despite frequent attempts.