■ GRADY WINSTEAD et al., Plaintiffs, v UNIONDALE UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-

Respondent. DREYFUS ALARM SYSTEMS, INC., et al., Third-Party Defendants; RICHARD GARRETT, JR., Third-Party Plaintiff-Respondent; STERLING INSURANCE COMPANY, Appellant. [608 NYS2d 487] —In a third third-party action for a judgment declaring that the appellant has a duty to defend and indemnify Richard Garrett, Jr., in connection with the main action to recover damages for personal injuries, etc., pending in the Supreme Court, Nassau County, entitled *Winstead v Uniondale Union Free School Dist.*, bearing Index No. 2647/82, Sterling Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Ain, J.), entered October 8, 1991, which, after a nonjury trial, is in favor of Richard Garrett, Jr., and against it granting that relief.

Ordered that the judgment is reversed, on the facts, with one bill of costs, and it is declared that the defendant Sterling Insurance Company is not obligated to defend or indemnify Richard Garrett, Jr., in connection with the main action pending in the Supreme Court, Nassau County, bearing Index No. 2647/82.

This Court previously reversed an order granting summary judgment in favor of Richard Garrett, Jr. *(see, Winstead v Uniondale Union Free School Dist.*, 170 AD2d 500). In our prior decision and order, we found that Garrett's delay in notifying the appellant of the underlying incident, if unexcused, would be such as to vitiate the coverage afforded to Garrett under the terms of the appellant's policy. This Court specifically noted that in October 1986 Garrett received a copy of a notice of motion for leave to enter a default judgment against him in connection with the underlying negligence action and that, nevertheless, the appellant was not given notice of the underlying incident until February 1987 *(see, Winstead v Uniondale Union Free School Dist., supra)*. The declaratory judgment action has now been tried to conclusion and judgment has been granted in favor of Garrett. In the exercise of our factual review power, we reverse and declare that the appellant is not obligated to defend or indemnify Garrett in connection with the underlying personal injury action.

Garrett bore the burden of proving that his delay in reporting the incident to the appellant was excusable *(see, White v City of New York*, 81 NY2d 955; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436; *Eveready Ins. Co. v Levine*, 145 AD2d 526). However, Garrett failed to prove that the injuries suffered by the plaintiff in the main action were

so trivial as to justify a reasonable belief that no liability could arise. On the contrary, his testimony tends to support the conclusion that the plaintiff suffered injuries serious enough to require hospitalization, as well as the conclusion that the aggression itself was serious enough to warrant the intervention of the police. No ordinarily prudent person could reasonably have felt immune from potential civil liability under these circumstances *(see generally, Allstate Ins. Co. v Grant,* 185 AD2d 911; *Greater N. Y. Mut. Ins. Co. v Farrauto,* 158 AD2d 514; *Peerless Ins. Co. v Nationwide Ins. Co.,* 12 AD2d 602; *Zurick Gen. Acc. & Liab. Ins. Co. v Harbil Rest.,* 7 AD2d 433; *cf., Merchants Mut. Ins. Co. v Hoffman,* 86 AD2d 779, *affd* 56 NY2d 799).

Further, Garrett failed to meet his burden of proving that he was justifiably ignorant of the insurance coverage available to him under his father's homeowner's policy. It is true that a justifiable lack of knowledge of insurance coverage may excuse a delay in reporting an occurrence *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *Jarka Corp. v American Fid. & Cas. Co.,* 19 AD2d 141, *affd* 14 NY2d 714; *Padavan v Clemente,* 43 AD2d 729). However, in order to prevail on this theory, the insured person must prove not only that he or she was ignorant of the available coverage, but also that he or she made reasonably diligent efforts to ascertain whether coverage existed *(see, Matter of Allstate Ins. Co. [Frank],* 57 AD2d 950, *revd on other grounds* 44 NY2d 897; *Aetna Cas. & Sur. Co. v Pennsylvania Mfrs. Assn. Ins. Co.,* 57 AD2d 982).

In the present case, Garrett failed to demonstrate that he acted with due diligence in order to protect his own interest when, in October 1986 *(see, Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500, *supra),* he received a document which would have prompted any person of ordinary prudence to consult either an attorney or an insurance broker. Instead, he waited for several more months, until January 6, 1987, when, allegedly for the first time, he became aware of the lawsuit against him. Even then, he delayed for another month before seeking counsel and before notifying the appellant of the underlying incident. This unexplained delay of approximately one month is unreasonable in and of itself *(see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127 [51-day delay unreasonable]).

Under these and all the circumstances of this case, we conclude that Garrett failed to demonstrate a reasonable excuse for his delay in notifying the appellant of the underly-

ing incident. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.