■ RICHARD HEROLD et al., Appellants, v EAST COAST SCAFFOLDING, INC., Defendant, and U.S. CAPITAL INSURANCE, Respondent. [617 NYS2d 197] —In an action for a judgment declaring that the defendant U.S. Capital Insurance is obligated to indemnify the defendant-respondent East Coast Scaffolding, Inc., in an action brought by the plaintiffs Richard Herold and Bridget Herold, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated November 18, 1992, which granted the motion of U.S. Capital Insurance for summary judgment.

Ordered that the order is affirmed, with costs.

On April 24, 1991, the plaintiff Richard Herold, a construction project supervisor, was injured on a work site when certain scaffolding collapsed. On August 15, 1991, the plaintiffs commenced an action to recover damages for personal injuries and loss of services against, *inter alia,* East Coast Scaffolding (hereinafter East Coast), which initially appeared in the action by service of an answer in September 1991. Seven months later, East Coast notified the plaintiffs that its insurer, U.S. Capital Insurance (hereinafter U.S. Capital) had disclaimed coverage and that East Coast had filed for bankruptcy. The plaintiff then instituted this action for a declaratory judgment on the issue of proper disclaimer. In lieu of an answer, U.S. Capital moved for summary judgment based on untimely notice of the underlying occurrence.

An insured's good faith belief in nonliability, when reasonable under the circumstances, may excuse a delay in notifying his insurer of an "occurrence". Whether such a belief was, in fact, reasonable, is ordinarily a question of fact *(see, Argentina v Otsego Mut. Fire Ins. Co.,* 207 AD2d 816; *Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500).

In this declaratory judgment action, the plaintiffs bore the burden of proving that the 3-½ month delay in East Coast's notification of its insurer was reasonable under the circum-

stances *(see, White v City of New York,* 81 NY2d 955; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721; *Eveready Ins. Co. v Levine,* 145 AD2d 526). Here, the plaintiffs' "questions of fact" are speculative and unsubstantiated and, as such, are insufficient to defeat a motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557). Since the plaintiffs have failed to meet their burden, we find no basis for disturbing the conclusion of the Supreme Court *(see, Deso v London & Lancaster Indem. Co.,* 3 NY2d 127; *Elkowitz v Farm Family Mut. Ins. Co.,* 180 AD2d 711). Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.