■ CONDREN REALTY MANAGEMENT CORPORATION et al., Appellants, v INSURANCE COMPANY OF NORTH AMERICA, Respondent. [635 NYS2d 844] —Judgment unanimously reversed on the law with costs, motion granted, cross motion denied, complaint reinstated and judgment granted in accordance with the following Memorandum: On October 21, 1992, a nurse's aide visiting a tenant in an apartment building owned and managed by plaintiffs was assaulted and raped by an intruder. Although plaintiffs learned of the attack the night it occurred, they did not notify defendant, their liability insurance carrier, until the nurse's aide advised them in November 1993 of her intention to sue. Defendant disclaimed coverage on the ground that plaintiffs failed to provide notice of the occurrence "as soon as practicable", as the policy requires. Plaintiffs instituted the instant action seeking a declaration that defendant is required to defend and indemnify them in the underlying action. Plaintiffs moved and defendant cross-moved for summary judgment. Supreme Court granted defendant's motion, granting judgment declaring that plaintiffs' notice of the occurrence to defendant was not timely under the policy and dismissing the complaint. That was error.

"When the facts of an occurrence are such that an insured acting in good faith would not reasonably believe that liability on his part will result, notice of the occurrence given by the insured to the insurer is given 'as soon as practicable' if given promptly after the insured receives notice that a claim against him will in fact be made" *(Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801). In our view, plaintiffs had a reasonable good-faith belief in nonliability for injuries caused by the criminal attack by a third party on a visitor to their apartment building *(see, Beach Haven Apts., No. 6 v Allcity Ins. Co.,* 182 AD2d 658, *lv denied* 80 NY2d 761; *see also, Vrandenburg v Prudential Prop. & Cas. Ins. Co.,* 212 AD2d 913). We grant plaintiffs' motion and grant judgment in favor of plaintiffs declaring that plaintiffs' delay in giving notice to defendant is excused *(see, Vrandenburg v Prudential Prop. & Cas. Ins. Co., supra; Beach Haven Apts., No. 6 v Allcity Ins. Co., supra)* and that defendant is required to defend and indemnify plaintiffs in the underlying action. Further, because this is a declaratory

judgment action, the court erred in dismissing the complaint *(see, Tumminello v Tumminello,* 204 AD2d 1067).

In view of our resolution, we do not address the issue whether defendant's delay in notifying plaintiffs of its disclaimer was unreasonable. (Appeal from Judgment of Supreme Court, Onondaga County, Hayes, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Doerr, JJ.