■ GARY W. SEEMANN, Respondent, v STERLING INSURANCE COMPANY, Appellant. [650 NYS2d 873] —Spain, J. Appeal from an order of the Supreme Court (Hughes, J.), entered March 27, 1996 in Schoharie County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

In March 1995 plaintiff was employed as a mechanic and part-time crane operator at Atlantic Crane Company (hereinafter Atlantic) in New Jersey. On March 6, 1995, while he and a fellow employee were playing with a paintball gun after work, plaintiff fired his paintball gun at a vehicle driven by Charles Kritch, Jr., a member of the family which owned Atlantic. Kritch sustained a serious injury when a paintball from plaintiff's gun went through a partially opened window and struck him in the eye. At the time of the incident plaintiff was insured for liability under a homeowner's policy issued by defendant. Plaintiff, aware of the initial consequences of his actions and conscious that the incident had greatly upset Kritch's family, decided that he should not return to work; he thereafter secured other employment.

During the weeks following the incident plaintiff was in regular contact with Michael Graves, his personal friend and vice-president of Atlantic, who informed plaintiff that it was his opinion that plaintiff would not be sued as a result of his actions. In July 1995 an attorney representing Kritch wrote to plaintiff suggesting that he notify his agent/insurance company about the March 1995 incident. Plaintiff immediately sent the lawyer's letter to defendant; defendant received the letter from plaintiff on July 14, 1995. Plaintiff later testified at

a deposition that, prior to receipt of the attorney's letter, he was not aware that a homeowner's policy may cover an incident which occurs away from the insured's dwelling.

In August 1995 defendant, after investigation, disclaimed coverage for the March incident based upon plaintiff's failure to promptly give notice of the incident. Plaintiff then commenced the instant declaratory judgment action seeking a declaration that defendant must provide coverage and defend plaintiff under its policy of insurance in the underlying lawsuit commenced by Kritch. Thereafter defendant moved, and plaintiff cross-moved, for summary judgment. Supreme Court denied the motion and cross motion, finding issues of fact regarding plaintiff's beliefs (1) that he would not be sued, and (2) that his homeowner's policy would not provide coverage. Defendant appeals.

We affirm. It is axiomatic that where an insurance policy requires that a notice of an incident be given promptly, notice must be given within a reasonable period of time given the facts and circumstances of the case (*see, E.T. Nutrition v Central Mut. Ins. Co.*, 201 AD2d 451, 452; *Cohoes Rod & Gun Club v Firemen's Ins. Co.*, 134 AD2d 782, 783). However, if an insured, acting in good faith, reasonably believes that liability on his or her part will not result, he or she may be excused from the duty to give prompt notice (*see, Condren Realty Mgt. Corp. v Insurance Co.*, 222 AD2d 1089; *Vradenburg v Prudential Prop. & Cas. Ins. Co.*, 212 AD2d 913; *Beach Haven Apts. v Allcity Ins. Co.*, 182 AD2d 658, *lv denied* 80 NY2d 761).

In our view, plaintiff's assertions submitted in opposition to defendant's motion for summary judgment amply support Supreme Court's conclusion. Plaintiff sufficiently raised issues of fact with respect to his alleged "good faith belief" that the incident was not covered by his homeowner's policy and that the injured party would not sue. Further, an issue of fact exists regarding whether those beliefs, if proven, were reasonable under the facts and circumstances of this case (*see, Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 20-21; *Winstead v Uniondale Union Free School Dist.*, 170 AD2d 500).

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.