■ HARTFORD FIRE INSURANCE COMPANY et al., Respondents, v BASEBALL OFFICE OF THE COMMISSIONER et al., Appellants, et al., Defendants. [654 NYS2d 21] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered on or about August 30, 1995, which granted the motion of plaintiffs, the primary and excess insurers, for summary judgment declaring that they have no duty to defend or indemnify defendants insureds under their respective policies in certain litigation pending in Federal court, unanimously affirmed, with costs.

Defendants' excuse for not promptly notifying plaintiffs of the underlying lawsuit, viz., that an exclusion wrongfully annexed by the primary insurer after commencement of its policy misled them into believing that coverage did not exist, is belied by their July 20, 1994 letter first notifying plaintiffs of such lawsuit 19 months after its commencement, which letter represents that they had instructed their broker to inform plaintiffs about the lawsuit shortly after its commencement. In any event, defendants' claimed ignorance of coverage, even if genuine, cannot avail them absent a showing that they made reasonably diligent efforts to ascertain whether coverage existed (*see, Winstead v Uniondale Union Free School Dist.*, 201 AD2d 721, 723), i.e., contacted the primary insurer directly when they received its policy excluding coverage that they had requested and believed they had.

It is unnecessary for us to revisit *American Home Assur. Co. v International Ins. Co.* (219 AD2d 143), which distinguishes between a primary insurer and an excess insurer vis-à-vis the "no prejudice rule", inasmuch as defendants' late notification actually prejudiced the excess insurer by reason of certain exclusions in the primary insurance policy and coverage provisions in the excess insurance policy. Collectively, these exclusions and provisions place the duty to defend the underlying lawsuit on the excess insurer. While we are aware that the validity of the exclusions in the primary insurance policy is a matter of dispute, defendants' delayed notification nonetheless precluded a timely investigation of defendants' claims and the chance to effect an early settlement (*cf., Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581-583; *American Home As-*

*sur. Co. v International Ins. Co., supra,* at 148, 150-151). We also note that the IAS Court's order does not affect any claims that defendant Baseball Office of the Commissioner may have against plaintiffs with respect to the individual defendant's claim for indemnification. Concur—Sullivan, J. P., Wallach, Rubin, Tom and Andrias, JJ.