■ GARY W. SEEMANN, Respondent, v STERLING INSURANCE COMPANY, Appellant. [699 NYS2d 542] —Spain, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered July 22, 1998 in Schoharie County, upon a decision of the court making a declaration in favor of plaintiff.

While plaintiff was at his place of employment in New Jersey, a co-worker was injured when struck in the eye by a paintball fired by plaintiff. Approximately four months later plaintiff received a letter from the injured co-worker's attorney suggesting that plaintiff notify plaintiff's insurance company of the incident. Plaintiff immediately forwarded the letter to defendant, which had issued a homeowner's policy covering plaintiff's home in Schoharie County. Defendant disclaimed coverage based upon lack of prompt notice of the incident as required by the policy.

After issue was joined in this declaratory judgment action, Supreme Court denied the parties' motions for summary judgment. On defendant's appeal, this Court affirmed, concluding that plaintiff had raised issues of fact with respect to, *inter*

*alia,* his good-faith belief that the incident was not covered by his homeowner's policy and whether this belief was reasonable (234 AD2d 672, 673). After a nonjury trial, Supreme Court— concluding that plaintiff's lack of knowledge that his homeowner's insurance covered the incident was justifiable and that his delay in giving notice was reasonable—declared that defendant is obligated in the underlying action to defend plaintiff and to pay any judgment obtained in that action against plaintiff up to the policy limits. Defendant appeals from the judgment entered on the court's written decision.

We affirm. While recognizing that justifiable ignorance of available insurance coverage may excuse a delay in giving notice (*see, Padavan v Clemente,* 43 AD2d 729), defendant argues that the absence of any evidence that, during the period of delay following the incident, plaintiff made diligent efforts to ascertain whether coverage existed is fatal to his claim. Defendant relies on the following language from *Winstead v Uniondale Union Free School Dist.* (201 AD2d 721, 723): "[I]n order to prevail on this theory, the insured person must prove not only that he or she was ignorant of the available coverage, but also that he or she made reasonably diligent efforts to ascertain whether coverage existed." In *Winstead (supra),* however, the court's conclusion—that the insured failed to demonstrate a reasonable excuse for the delay—was not based on the insured's lack of due diligence in ascertaining whether coverage existed during the period of delay. Rather, the court focused on the insured's failure "to demonstrate that he acted with due diligence in order to protect his own interest when * * * he received a document which would have prompted any person of ordinary prudence to consult either an attorney or an insurance broker" (*id.,* at 723 [citation omitted]). In contrast, upon receipt of the letter from the injured party's attorney, plaintiff promptly notified defendant.

Plaintiff testified that he obtained the homeowner's insurance to comply with the mortgage lender's requirement and that, while he was aware of the policy's liability coverage for injury to other persons, he believed that only injuries on his property were covered. In our view, the record supports the finding that plaintiff had a good-faith belief that the homeowner's insurance on the Schoharie County premises did not cover this off-premises incident in New Jersey, and that the belief was reasonable under these circumstances. Inasmuch as plaintiff acted with due diligence to protect his own interest immediately upon receipt of the letter from the injured party's attorney, Supreme Court correctly concluded that plaintiff met

his burden of demonstrating a reasonable excuse for his delay. The judgment is, therefore, affirmed.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.