■ NATIONWIDE INSURANCE COMPANY, Respondent, v EMPIRE INSURANCE GROUP et al., Appellants. [742 NYS2d 387] —In an action, inter alia, for a judgment declaring that the defendants are required to defend and indemnify the plaintiff with respect to an underlying personal injury action entitled *Ramirez v*

*11194 Owners Corp.,* in the Supreme Court, Kings County, under Index No. 17665/94, the defendants appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated May 11, 2001, which granted the plaintiff's motion for summary judgment and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendants are not required to defend or indemnify the plaintiff with respect to the underlying personal injury action.

On May 23, 1994, Marcos Ramirez, an employee of Fortuna Construction, Inc. (hereinafter Fortuna), was injured while working at the premises of 11194 Owner Corp. Fortuna had subcontracted the work from the general contractor, Total Structural Concepts, Inc. (hereinafter Total Structural). As part of the subcontract, Fortuna agreed to add Total Structural as an additional insured on its general liability policy. A provision in the Fortuna policy required that notice of any possible claim must be given to the insurers, who are the defendants, Empire Insurance Group and Allcity Insurance Company.

On or about May 31, 1994, Ramirez commenced an action against 11194 Owners Corp. and Total Structural. Total Structural subsequently commenced a third-party action against Fortuna. In the third-party action, Total Structural asserted a breach of contract claim, alleging that Fortuna failed to add it as an additional insured in the policy issued by the defendants. During the discovery phase of that action, Total Structural received a copy of the policy from Fortuna on or about September 4, 1997, and determined that Fortuna had added Total Structural as an additional insured on the policy. The plaintiff, Nationwide Insurance Company, the insurer of Total Structural, which brought this action as the subrogee of Total Structural, sent the defendants a letter dated September 10, 1997, demanding coverage in the *Ramirez* action under the defendants' policy. This letter constituted the first direct contact between Total Structural and the defendants regarding the *Ramirez* action. Following a trial in the *Ramirez* action which apportioned damages between Fortuna and Total Structural, the plaintiff moved for summary judgment in the instant declaratory judgment action, alleging, inter alia, that it had given the defendants timely notice of the *Ramirez* action under the circumstances of this case.

Where an insurance policy requires an insured to provide no-

tice of an accident or loss as soon as practicable, such notice must be provided within a reasonable time in view of all the facts and circumstances (*see Travelers Indem. Co. v Worthy,* 281 AD2d 411; *see also Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799). Further, the providing of timely notice to an insurer is a condition precedent to recovery (*see Travelers Indem. Co. v Worthy, supra*) and, absent a valid excuse, the failure to satisfy the notice requirement vitiates the policy (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436).

Here, regardless of the merits of the plaintiff's contention that the defendants withheld information concerning secondary coverage, Total Structural failed to establish that it made reasonably diligent efforts to ascertain coverage (*see Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721; *Hartford Fire Ins. Co. v Baseball Off. of Commr.,* 236 AD2d 334). Further, earlier notice to the defendants as providers of worker's compensation coverage, and notice to Fortuna, is not imputed to the defendants for purposes of this action (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund,* 266 AD2d 518; *57th St. Mgt. Corp. v Zurich Ins. Co.,* 208 AD2d 801). Accordingly, since Total Structural failed to give the defendants timely notice of the *Ramirez* action and the defendants did provide a timely notice of disclaimer under the circumstances of this case (*see* Insurance Law § 3420 [d]), the Supreme Court should have denied the plaintiff's motion for summary judgment and granted the defendants' cross motion. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.