■ Maxi-Aids, Inc., et al., Appellants, v General Accident Insurance Company of America et al., Respondents. [756 NYS2d 431] —In an action, inter alia, for a judgment declaring that the defendant General Accident Insurance Company of America is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Independent Living Aids v Maxi-Aids, Inc.,* commenced in the United States District Court, Eastern District of New York, under Docket No. 95 CV 656, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered December 13, 2001, as granted the respective motions of the defendants General Accident Insurance Company of America, and Country Brokerage Services, Inc., and Gerald M. Levy, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Where an insurance policy requires an insured to provide notice of an accident or loss as soon as practicable, such notice must be provided within a reasonable time in view of all the facts and circumstances of the case (*see Nationwide Ins. Co. v Empire Ins. Group,* 294 AD2d 546 [2002]). Providing timely notice to an insurer is a condition precedent to recovery (*see Travelers Indem. Co. v Worthy,* 281 AD2d 411 [2001]), and the failure to satisfy the notice requirement, absent a valid excuse, vitiates the policy (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436 [1972]; *Travelers Indem. Co. v*

*Worthy, supra*). In response to the respondents' establishment of prima facie entitlement to judgment as a matter of law, the appellants failed to raise a triable issue of fact as to why they did not provide the respondents with timely notice of the possible claims contained in the underlying action. Accordingly, the Supreme Court properly granted the respondents' respective motions for summary judgment dismissing the complaint insofar as asserted against them.

The appellants' remaining contentions need not be addressed in light of our determination. Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.