■ St. Charles Hospital and Rehabilitation Center, Respondent, v Royal Globe Insurance Company et al., Appellants, Joseph Mulholland et al., Defendants, and Justin E. Doheny, M.D., P.C., et al., Respondents. [795 NYS2d 343]—

In an action, inter alia, for a judgment declaring that the defendants Royal Globe Insurance Company and Royal Insurance Company of America are obligated to indemnify the plaintiff in an underlying medical malpractice action entitled

*Mulholland v St. Charles Hospital,* commenced in the Supreme Court, Suffolk County, under index No. 3941/96, the defendants Royal Globe Insurance Company and Royal Insurance Company of America appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Catterson, J.), dated April 28, 2004, as granted the motion of the plaintiff and the separate motion of the defendants Ira Marvin Cimons, M.D., P.C., and Ira Marvin Cimons, M.D., for summary judgment, granted that branch of the separate motion of the defendants Justin E. Doheny, M.D., P.C., and Justin Doheny, M.D. which was for summary judgment, and denied their cross motion for summary judgment, and (2) a judgment of the same court entered July 20, 2004, upon the order, which, inter alia, declared that they are obligated to indemnify the plaintiff in the underlying action, and is in favor of the plaintiff and against them in the principal sum of $3,090,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the appellants' cross motion is granted, the motion of the plaintiff and the separate motions of the defendants Ira Marvin Cimons, M.D., P.C., and Ira Marvin Cimons, M.D., and Justin E. Doheny, M.D., P.C., and Justin Doheny, M.D. for summary judgment are denied in their entirety, and it is declared that the appellants are not obligated to indemnify the plaintiff in the underlying action; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In March 1996 the guardians of the defendant Tara Mulholland commenced the underlying medical malpractice action against, among others, the plaintiff. The plaintiff sent the matter to the law firm of Patrick Adams, P.C., which acknowledged its receipt by letter dated March 25, 1996, to Kathleen Bassi, the plaintiff's risk manager. The appellants, Royal Globe Insurance Company and Royal Insurance Company of America (hereinafter collectively Royal), were subsequently notified of the malpractice action by letter dated January 15, 1997, from the law firm of Patrick Adams, P.C. By letter dated February 18, 1997, Royal disclaimed coverage. At her deposition on October 24, 2002, Bassi admitted that she knew within a day or two of

receiving the summons in the underlying action that it implicated coverage by Royal.

It is undisputed that the plaintiff was insured by Royal under certain primary and excess policies of insurance (hereinafter the policies) for the relevant time period in 1975. It is also undisputed that the coverage under those policies was implicated in the underlying medical malpractice action against the plaintiff brought on behalf of Tara Mulholland, an incapacitated person, who was born with brain damage in 1975. Moreover, it is undisputed that each of the policies included a provision requiring the plaintiff to notify Royal of a possible claim as soon as was practicable.

Contrary to the plaintiff's contention and the determination of the Supreme Court, New York still adheres to the "no prejudice rule," i.e., providing timely notice to an insurer of a claim is a condition precedent to coverage regardless of prejudice (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332 [2005]). Even assuming, as the plaintiff contends, that it was not required to notify Royal of a possible claim until the underlying action was commenced in March 1996, the plaintiff failed to comply with the policies' requirements that it notify Royal of a possible claim as soon as practicable (*see Argo Corp. v Greater N.Y. Mut. Ins. Co., supra; Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]; *Maxi-Aids, Inc. v General Acc. Ins. Co. of Am.*, 303 AD2d 469 [2003]).

Royal also demonstrated that it did not waive compliance with the abovementioned condition precedent by failing to timely disclaim coverage. Royal timely disclaimed coverage on the ground of late notice of the claim by its letter dated February 18, 1997, just over one month after first receiving notice of the claim (*see* Insurance Law § 3420 [d]; *Kramer v Government Empls. Ins. Co.*, 269 AD2d 567 [2000]; *DeSantis Bros. v Allstate Ins. Co.*, 244 AD2d 183 [1997]; *Herold v East Coast Scaffolding*, 208 AD2d 592 [1994]; *cf. Matter of Firemen's Fund Ins. Co. of Newark v Hopkins*, 88 NY2d 836 [1996]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028 [1979]; *Ward v Corbally, Gartland & Rappleyea*, 207 AD2d 342 [1994]). Since Royal made out a prima facie case of entitlement to judgment as a matter of law and the plaintiff failed to show the existence of a triable issue of fact, Royal's cross motion for summary judgment should have been granted (*see 1700 Assoc. v Public Serv. Mut. Ins. Co.*, 256 AD2d 456 [1998]; *Herold v East Coast Scaffolding, supra; see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The parties' remaining contentions are either without merit or need not be reached in light of this determination. Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.