*658 On August 14, 2008, the infant plaintiff, while riding a bicycle inside a Wal-Mart store, allegedly struck and injured the defendant Ines Torres. Approximately six months later, on February 21, 2009, the infant plaintiff and his mother, the plaintiff Rita Albano-Plotkin (hereinafter the mother), were served with a summons and complaint in an action (hereinafter the underlying action) commenced by the defendants Ines and Phillip Torres (hereinafter the Torreses). According to the mother, she subsequently consulted with an attorney and was surprised to learn that her homeowner’s insurance policy might provide coverage for accidents occurring off the insured premises. The next day, the plaintiffs’ attorney mailed a letter to the defendant Travelers Insurance Company (hereinafter Travelers), which had issued the homeowner’s policy, notifying it of the accident.
After Travelers disclaimed coverage on the ground of late notice, the plaintiffs commenced this action against Travelers and the Torreses for a judgment declaring that Travelers is obligated to defend and indemnify them in the underlying action. Travelers moved for summary judgment, in effect, declaring that it was not obligated to defend and indemnify the plaintiffs in the underlying action, and the plaintiffs cross-moved for summary judgment declaring that it was so obligated, contending that their delay in notifying Travelers was excused by their justifiable ignorance of available coverage for the off-premises accident. The Supreme Court granted Travelers’ motion and denied the plaintiffs’ cross motion. The plaintiffs appeal.
“[T]he providing of timely notice to an insurer is a condition precedent to recovery and, absent a valid excuse, the failure to satisfy the notice requirement vitiates the policy” (Nationwide Ins. Co. v Empire Ins. Group, 294 AD2d 546, 548 [2002] [citation omitted]; see McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d 981, 983 [2010]). To establish a valid excuse due to the insured’s alleged ignorance of insurance coverage, the insured has the burden of proving “a justifiable lack of knowledge of insurance coverage” and “reasonably diligent efforts to ascertain whether coverage existed” upon receiving information “which would have prompted any person of ordinary prudence to consult either an attorney or an insurance broker” *659 (Winstead v Uniondale Union Free School Dist., 201 AD2d 721, 723 [1994]; see Sitnick v Travelers Ins. Co., 82 AD3d 573, 573 [2011]; Seemann v Sterling Ins. Co., 267 AD2d 677, 678 [1999]; Padavan v Clemente, 43 AD2d 729, 729-730 [1973]). The sufficiency of an excuse ordinarily presents a question of fact to be determined at trial (see Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 42-43 [2002]; Winstead v Uniondale Union Free School Dist., 170 AD2d 500, 503 [1991]), and may be decided as a matter of law “only when the facts are undisputed and not subject to conflicting inferences” (St. James Mech., Inc. v Royal & Sunalliance, 44 AD3d 1030, 1031 [2007]; see Greenwich Bank v Hartford Fire Ins. Co., 250 NY 116, 131 [1928]; Preferred Mut. Ins. Co. v New York Fire-Shield, Inc., 63 AD3d 1249, 1251 [2009]).
Here, Travelers established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs had knowledge of the accident but failed to notify it of the occurrence until approximately seven months thereafter (see McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d at 983). In opposition, the plaintiffs raised a triable issue of fact as to the existence of a reasonable excuse for the delay in notification with evidence that they were unaware that the subject homeowner’s policy, in addition to providing coverage for incidents which occurred in the family home, also provided coverage for this incident which occurred in a Wal-Mart store, and that, upon receiving the summons in the underlying action, they retained counsel who notified Travelers of the claim (see Sitnick v Travelers Ins. Co., 82 AD3d at 573; Seemann v Sterling Ins. Co., 234 AD2d 672, 673 [1996]). Accordingly, the Supreme Court should have denied Traveler’s motion for summary judgment.
However, the Supreme Court properly denied the plaintiffs’ cross motion for summary judgment. In support of the cross motion, the plaintiffs submitted evidence, inter alia, that they had received and were aware of the policy declarations page, which stated that the subject homeowner’s policy provided “personal liability” coverage for “bodily injury” and “medical payments to others,” without expressly limiting that coverage to occurrences at the subject home. Thus, the plaintiffs failed to eliminate a triable issue as to whether their ignorance of coverage was justifiable (see Winstead v Uniondale Union Free School Dist., 201 AD2d at 723; cf. Sitnick v Travelers Ins. Co., 82 AD3d at 573; Seemann v Sterling Ins. Co., 267 AD2d at 678). Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, their cross motion for summary *660 judgment declaring that Travelers is obligated to defend and indemnify them in the underlying action was properly denied, without regard to the sufficiency of Travelers’ papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Angiolillo, J.P., Chambers, Lott and Austin, JJ., concur.